# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GURI GONZALEZ,

    Plaintiff,

v.

REGGIE'S ENTERPRISES, INC. D/B/A REGGIE'S LIQUOR; REGINALD LOWE, TRUSTEE OF REGINALD LOWE TRUST,

    Defendants.

Case No.: CV 20-02398-CJC-KS

**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT OR SANCTIONED**

On March 12, 2020, Plaintiff Guri Gonzalez filed this action against Defendants Reggie's Enterprises, Inc. D/B/A Reggie's Liquor, and Reginald Lowe as Trustee of Reginald Lowe Trust, alleging violations of the Americans with Disabilities Act, California's Unruh Civil Rights Act, Disabled Persons Act, and Unfair Competition Law, and negligence. (Dkt. 1.) Her claims are based on the allegations that she twice visited a store called Reggie's Liquor in Los Angeles, California, but each time the store failed to (1) provide a proper van accessible space, (2) paint the ground as required, (3) provide access aisles with level surface slopes, and (4) provide an entrance pathway wide enough

-1-

for a wheelchair to travel. (*Id.* ¶¶ 5, 9, 10.) Plaintiff seeks injunctive relief under the ADA and the Unruh Act, and statutory damages under the Unruh Act and Disabled Persons Act. (*Id.* at 11, ¶¶ 32, 38.)

On March 17, 2020, the Court ordered Plaintiff to show cause why it should not decline to exercise supplemental jurisdiction over her Unruh Act and other state law claims. (Dkt. 8.) The Court directed that Plaintiff include in her response a declaration providing all facts necessary for the Court to determine if she satisfies the definition of a "high-frequency litigant" under California Code of Civil Procedure § 425.55(b)(1). (Dkt. 8.) In her response to the Court's order to show cause, Plaintiff declared that she has "filed a total of only **1** complaint alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint." (Dkt. 9-2 ¶ 2 [emphasis in original].) Accordingly, she declared that she "**do[es] not** qualify as a high-frequency litigant as that term is used by California law." (*Id.* ¶ 4 [emphasis in original].)

But according to the Court's search of the Central District of California's docket, Plaintiff filed *eight* other construction-related accessibility cases in the twelve months preceding the filing of this case. (She also filed a similar case after this case.) In each of those cases, Plaintiff asserts the same five claims as she asserts in this case, and is represented by the same counsel, the So. Cal. Equal Access Group. Those cases are:

1. 2:19-cv-09695-ODW-SK, *Guri Gonzalez v. First Liquor, Inc., et al.*, filed November 12, 2019;
2. 2:19-cv-10483-AB-GJS, *Guri Gonzalez v. Mchoi Corporation et al.*, filed December 11, 2019, and closed March 19, 2020 after Plaintiff voluntarily dismissed;

3. 2:20-cv-00156-FMO-E, *Guri Gonzalez v. LA Food Court Inc. et al.*, filed January 6, 2020;

4. 2:20-cv-00422-FMO-MRW, *Guri Gonzalez v. Miguel Razo et al.*, filed January 15, 2020;

5. 2:20-cv-00935-ODW-AS, *Guri Gonzalez v. Julia Carlson et al.*, filed January 29, 2020;

6. 2:20-cv-01307-JFW-MAA, *Guri Gonzalez v. Mario Reyes et al.*, filed February 10, 2020;

7. 2:20-cv-01791-MWF-KS, *Guri Gonzalez v. Starbucks Corporation et al.*, filed February 25, 2020;

8. 2:20-cv-02121-PSG-SK, *Guri Gonzalez v. Living Spaces Furniture, LLC et al.*, filed March 4, 2020; and

9. 2:20-cv-02822-MWF-JEM, *Guri Gonzalez v. Pablo Perez et al.*, filed March 26, 2020.

It is worth noting that in case 7, Plaintiff declared in response to that court's order to show cause regarding supplemental jurisdiction that she had "filed a total of only **1** complaint alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint." (Case No. 2:20-cv-01791-MWF-KS, Dkt. 10-1 ¶ 2.)

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why she should not be held in contempt or sanctioned for her misrepresentation to this Court regarding her prior litigation. Plaintiff is further **DIRECTED** to file a response to this order to show cause by April 15, 2020. A sufficient response will be a dismissal of the complaint, or a written response including an accurate account of all facts necessary for the Court to determine if she satisfies the definition of a "high-frequency litigant" under California Code of Civil Procedure § 425.55(b)(1). Failure to respond to this order will result in dismissal of the

| | |
|---|---|
| 1 | Complaint.  If Plaintiff does not dismiss her Complaint, the Court will hold a hearing on |
| 2 | this order to show cause on Tuesday, May 5, 2020 at 1:30 p.m. in the First Street United |
| 3 | States Courthouse, Courtroom 7C, 350 W. 1st Street, Los Angeles, CA 90012.  Since |
| 4 | Defendants have not yet been served or appeared in this case, they have no obligation to |
| 5 | respond to this order to show cause or to appear at the hearing. |

DATED: April 6, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE